IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KENESHIA ADAMS**                                                                         **PLAINTIFF**

**v.**                               CIVIL ACTION NO. 3:23CV133-DMB-JMV

**SOLERO TECHNOLOGIES, LLC F/K/A**
**BORGWARNER EMISSIONS SYSTEMS LLC**                  **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

      **COMES NOW** the Plaintiff, Keneshia Adams, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violation of her rights under Title VII of the Civil Rights Act of 1964 for race discrimination, 42 U.S.C. § 1981 for race discrimination, Title VII for color discrimination, 42 U.S.C. 1981 for color discrimination, Title VII for retaliation and 42 U.S.C. § 1981 for retaliation against Defendant Solero Technologies, LLC f/k/a BorgWarner Emission Systems, LLC. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

      1.     Plaintiff, Keneshia Adams, is a 26-year-old black female resident of Lafayette County, Mississippi.

      2.     Defendant, Solero Technologies, LLC f/k/a BorgWarner Emissions Systems, LLC, is a Delaware limited liability company licensed to do business in the state of Mississippi that may be served with process through its registered agent: C T Corporation System, 645 Lakeland Drive East, Suite 101, Flowood, Mississippi 39232.

## JURISDICTION AND VENUE

3. This Court has federal question and civil rights jurisdiction for actions that arise under Title VII and 42 U.S.C. § 1981.

4. This Court has personal and subject matter jurisdiction over the Defendants and venue is proper in this Court.

5. Plaintiff timely filed a Charge of Discrimination with the EEOC on October 25, 2022, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on April 6, 2023, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of her Dismissal and Notice of Rights.

## STATEMENT OF FACTS

6. Plaintiff is a 26-year-old black female resident of Lafayette County, Mississippi.

7. Plaintiff was hired on August 20, 2017, as a Quality Technician at Solero Technologies, LLC (ST).

8. In the early to middle months of 2022, Quality Technician Kaitlynn Gerhart (biracial female) made harassing and rude statements toward Plaintiff.

9. On several occasions, Plaintiff made complaints to Senior Human Resources (HR) Generalist Adrian Tallant and Mr. Tallant allegedly addressed the matters with Ms. Gerhart.

10. For example, on one occasion, Plaintiff found scratches on her car in the parking lot.

11. Plaintiff suspected Ms. Gerhart of having caused the scratches but she

could not prove it, and HR claimed there were no surveillance cameras in the parking lot.

12. Because of the repeated incidents, HR instructed Ms. Gerhart to refrain from interacting with Plaintiff.

13. On September 28, 2022, Ms. Gerhart approached Plaintiff and nudged Plaintiff with her elbow.

14. In response, Plaintiff stated to Ms. Gerhart, "You aren't supposed to be around me."

15. Ms. Gerhart then stated, "I can do what I want, because look at your color and look at mine."

16. Plaintiff then phoned Mr. Tallant at 7:11 a.m. and reported this incident, including Ms. Gerhart's statement, to Mr. Tallant.

17. Later that day, Mr. Tallant terminated Plaintiff, and alleged that after Ms. Gerhart hit Plaintiff, Plaintiff had threatened to hit Ms. Gerhart back.

18. Plaintiff denies that she did that or even implied it.

19. Moreover, it is noteworthy that whereas Plaintiff was terminated in retaliation for reporting race discrimination, Ms. Gerhart remains employed at ST.

20. On October 25, 2022, Plaintiff filed an EEOC Charge of Discrimination due to race and color, and retaliation.

21. On December 1, 2022, in response to Plaintiff's Charge, ST submitted a Position Statement to the EEOC.

22. ST's Position Statement alleges that Ms. Gerhart and Plaintiff "bumped into one another accidentally".

23. Plaintiff contends this allegation is false and that Ms. Gerhart deliberately initiated the contact and nudged Plaintiff with her elbow.

24. Plaintiff concedes that she told Ms. Gerhart that she (Ms. Gerhart) was not supposed to be around her (Plaintiff), as described above.

25. Yet, Plaintiff denies, as the ST Position Statement alleges, that she threatened Ms. Gerhart.

26. Plaintiff contends that Angelica Johnson's allegation that she overheard Plaintiff stating, "I should beat your ass for bumping me" to Ms. Gerhart, is false and never happened.

27. Plaintiff maintains, as she stated in her EEOC Charge, that in response to her statement, "You aren't supposed to be around me", Ms. Gerhart then stated to her, "I can do what I want, because look at your color and look at mine."

28. ST's Position Statement alleges that Plaintiff "never indicated that Ms. Gerhart said anything related to race or color."

29. Plaintiff adamantly contends this is false and maintains she phoned Mr. Tallant at 7:11 a.m. that morning (September 28, 2022) and reported the incident, including Ms. Gerhart's statement.

30. As phone records show, at 7:11a.m., Plaintiff called Mr. Tallant.

31. During that two-minute call, Plaintiff told Mr. Tallant about the incident and the statement that Ms. Gerhart made to her, i.e., "I can do what I want, because look at your color and look at mine."

32. Plaintiff also told Mr. Tallant that employees Arno Jones and Fred Hentz had witnessed the incident.

33. Later that morning, at 10:45 a.m., Mr. Tallant called Plaintiff back and that conversation lasted eight minutes.

34. During that conversation, Mr. Tallant asked Ms. Plaintiff to describe the incident again.

35. After Plaintiff was through describing the incident again, Mr. Tallant alleged that "a woman" had reported to him that Plaintiff had made a threatening statement to Ms. Gerhart.

36. Plaintiff disputed this and stated that there was no other woman around besides Plaintiff and Ms. Gerhart when the incident occurred.

37. Mr. Tallant, however, refused to listen and told Plaintiff that she was terminated.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF TITLE VII – RACE DISCRIMINATION

38. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 37 above as if fully incorporated herein.

39. Defendant has discriminated against Plaintiff because of her race based on the facts identified above which constitutes a violation of the Title VII.

40. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, axiety and emotional distress.

41. The unlawful actions of Defendant complained of above were intentional malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and puntive damages pursuant to Title VII.

**COUNT II: VIOLATION OF 42 U.S.C § 1981 – RACE DISCRIMINATION**

42. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 41 above as if fully incorporated herein.

43. Defendant has discriminated against Plaintiff because of her race based on the facts identified above and is a violation of 42 U.S.C. §1981.

44. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, axiety and emotional distress.

45. The unlawful actions of Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and punitive damages pursuant to 42 U.S.C. §1981.

**COUNT III: VIOLATION OF TITLE VII – COLOR DISCRIMINATION**

46. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 45 above as if fully incorporated herein.

47. Defendant has discriminated against Plaintiff because of her color based on the facts identified above which constitutes a violation of the Title VII.

48. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, axiety and emotional distress.

49. The unlawful actions of Defendant complained of above were intentional malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and puntive damages pursuant to Title VII.

**COUNT IV: VIOLATION OF 42 U.S.C. §1981 – COLOR DISCRIMINATION**

50. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 49 above as if fully incorporated herein.

51. Defendant has discriminated against Plaintiff because of her color based on the facts identified above and is a violation of 42 U.S.C. §1981.

52. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, axiety and emotional distress.

53. The unlawful actions of Defendant complained of above were intentional malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and puntive damages pursuant to 42 U.S.C. §1981.

## COUNT V: VIOLATION OF TITLE VII – RETALIATION

54. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 53 above as if fully incorporated herein.

55. Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.,* by retaliating against Plaintiff for reporting race and color discrimination. Plaintiff is entitled to protection for making complaints or charges of misconduct in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq*.

56. The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*., and other federal laws, and entitle Plaintiff to recovery of damages, both pecuniary and punitive in nature.

### COUNT VI: VIOLATION OF 42 U.S.C § 1981 – RETALIATION

57. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 56 above as if fully incorporated herein.

58. Defendant has violated 42 U.S.C. §1981 by retaliating against Plaintiff for reporting race discrimination. Plaintiff is entitled to protection for making complaints or charges of misconduct in violation of 42 U.S.C. §1981.

59. The acts of the Defendant constitute a willful intentional violation of 42 U.S.C. §1981 and other federal laws, and entitle Plaintiff to recovery of damages, both pecuniary and punitive in nature.

### PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement;
3. Compensatory damages;
4. Punitive damages;
4. Attorney's fees;
5. Lost benefits;
6. Pre-judgment and post-judgment interest;
7. Costs and expenses; and
8. Such further relief as is deemed just and proper.

THIS the 3rd day of May 2023.

        Respectfully submitted,

        KENESHIA ADAMS, Plaintiff

      By: /s/Louis H. Watson, Jr.
        Louis H. Watson, Jr. (MB# 9053)
        Nick Norris (MB# 101574)
        Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web: www.watsonnorris.com